IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CYNTHIA WILSON  §<br>  §<br>   Plaintiff,  §<br>  §<br>v.  §<br>  §<br>FIESTA MART #60, ET AL.,  §<br>  §<br>   Defendants.  § | Civil Action No.  4:25-CV-00196-O |

**OPINION & ORDER**

Before the Court is Defendants' Motion for Summary Judgment and brief in support (ECF Nos. 14, 15), filed on October 20, 2025. Having considered the briefing and applicable law, the Court **GRANTS** Defendants' Motion for Summary Judgment. ECF No. 14.

**I.  BACKGROUND**[1]

On February 4, 2023, Plaintiff was at a Fiesta Mart located in Arlington, Texas. As Plaintiff was exiting the store, she fell and was injured. Plaintiff alleges that she fell due to an unmarked curb on the premises. This action followed. Plaintiff brought claims under theories of premises liability and negligence. Defendants moved for summary judgment. Plaintiff did not respond. Defendants' Motion is now ripe for the Court's review.

**II.  LEGAL STANDARD**

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

---

[1] The Court's recitation of the facts is taken from Plaintiff's complaint and the summary judgment briefing.

1

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

## III. ANALYSIS

### A. Negligence Claim

Defendants argue that Plaintiff's claim sounds in premises liability, not negligence and so Plaintiff's negligence claim should be dismissed because Plaintiff is precluded from bringing an action sounding both in negligence and in premises liability.[2] The Court agrees with Defendants.

Under Texas law "a person injured on another's property may have *either* a negligence claim *or* a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (emphasis added). Negligence and premises liability claims are distinct theories of recovery requiring plaintiffs to prove different elements to secure judgment in their favor. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles

---

[2] Def.s' Br. Supp. Mot. Summ. J. 2–3, ECF No. 15.

apply. *Id*. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex.1992).

Here, Plaintiff alleges that she fell due to a condition of the premises—an unmarked curb. There is no summary judgment evidence showing contemporaneous, negligent activity occurring at the time of the fall. Accordingly, Plaintiff's claim sounds in premises liability, not negligence. Because Plaintiff cannot maintain both a negligence claim and a premise liability claim arising from the same injury, Plaintiff's negligence claim is **DISMISSED**.[3]

### B. Premises Liability

To prevail on a premises liability claim, Plaintiff must prove four essential elements: (1) the property owner or occupier had actual or constructive knowledge of the condition causing the injury; (2) that the condition posed an unreasonable risk of harm; (3) that the property owner or occupier failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner or occupier's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

A condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen . *Dietz v. Hill Country Restaurants, Inc.*, 398 S.W.3d 761, 767 (Tex. App.—San Antonio 2011, no pet.) (citing *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)).

Whether a condition is unreasonably dangerous is ordinarily a fact question. *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 (Tex. 2022). However, the Supreme Court of Texas has held that certain innocuous or commonplace hazards are not unreasonably dangerous as a matter of law, particularly when they have not caused other injuries or been the subject of

---

[3] Because Plaintiff's claim for negligence is denied, Plaintiff cannot maintain a claim under a theory of respondeat superior. Plaintiff's respondeat superior claim is accordingly denied as moot.

complaints. *See id.* To raise a fact issue as to whether a common condition may support a premises-defect claim, Texas law requires "a claimant to adduce evidence either of prior complaints or injuries or that some surrounding circumstance transformed an everyday hazard into one measurably more likely to cause injury." *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 87–88 (Tex. 2023).

Here, Plaintiff has offered no evidence to support her claims, let alone evidence of other falls attributable to the same condition, or evidence of the defectiveness of the condition causing the fall. There is no evidence that this type of curb was unusual or that its particular construction and placement would have served as a suggestion or warning to Defendants that it presented the prohibited degree of danger. *Mize v. Lavender*, 407 S.W.2d 856 (Tex.Civ.App.—Eastland 1966, writ. Ref'd n.r.e.); *see also Medallion Stores, Inc. v. Eidt*, 405 S.W.2d 417 (Tex.Civ.App.—Texarkana 1966, writ ref'd n.r.e.). Because Plaintiff has not shown that the unmarked curb posed an unreasonable risk of harm, Plaintiff has failed to establish an element necessary to maintain a claim under premises liability. Accordingly, Plaintiff's premises liability claim is **DISMISSED**.

### IV.  CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is **GRANTED**. ECF No. 14. All of Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **15th day** of **January, 2026.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**